**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| WILLIAM L. WRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 7:08-CV-118 (HL) |
| | : | |
| ARIZONA CHEMICAL COMPANY | : | |
| And ARIZONA CHEMICAL | : | |
| COMPANY, LLC, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on Plaintiff's Motion to Quash

Defendant's Subpoena to John W. Davis and for Protective Order (Doc. 50)

(the "Motion").  For the following reasons, the Motion is granted.

**I.    Factual Background**

Plaintiff alleges that he was injured in May 2006 when he was

working with an acetylene torch at a facility owned or operated by one of

the Defendants.  The Defendants, Plaintiff alleges, failed either to remove

flammable chemicals from the area or to warn Plaintiff of their presence.

Flammable chemicals fell on Plaintiff as he worked and he caught on fire.

As he tried to get to the ground to put out the flames, the Plaintiff tripped

and fell.  Plaintiff states that he sustained severe and permanent injuries

due to the Defendants' tortious conduct.

On May 2, 2008, the Plaintiff filed his Complaint against the

Defendants in the State Court of Fulton County, Georgia, and the

Defendants removed the case to this Court on June 7, 2008.  During the course of discovery, a third party request for records by the Defendants resulted in the inadvertent disclosure of a psychological report on the Plaintiff prepared in 1992.  The Plaintiff had been injured at work earlier that year and he was seeking medical treatment.  Unable to determine the medical cause of the Plaintiff's pain, the Plaintiff's orthopedist referred him to a psychologist, Dr. John W. Davis, who prepared a report for the orthopedist indicating that Plaintiff suffered from somatization disorder. When asked to produce his records, the orthopedist produced this report. The Defendants have now subpoenaed records from Dr. Davis.  The Plaintiff has moved to quash the subpoena, arguing that these records cannot be produced because that would violate the psychologist-patient privilege.

## II.    Discussion

Plaintiff, in opposing the Defendants' subpoena, has claimed the psychologist-patient privilege.  The Defendants have argued that the privilege does not apply in this case.  The Defendants' argument is that Georgia law does not protect communications between a psychologist and patient if the consultation was not voluntary, or was solely for the purpose of evaluation, not treatment.  Because Plaintiff visited Dr. Davis on orders from his orthopedist and no psychological treatment occurred (allegedly), the Defendants argue that this visit to Dr. Davis was not voluntary and was

2

for evaluation, not treatment.  Therefore, the privilege should not apply. The Court disagrees with the Defendants' analysis.

In federal civil actions, "the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."  Fed. R. Evid. 501.  No party disputes that this Court should look to Georgia law to resolve the issue of whether or not Plaintiff's assertion of the psychologist-patient privilege applies.

"The confidential relations and communications between a licensed psychologist and client are placed upon the same basis as those provided by law between attorney and client; and nothing in this chapter shall be construed to require any such privileged communication to be disclosed."[1] O.C.G.A. § 43-39-16.  As the Georgia courts have held, though, before the Plaintiff can invoke this privilege, he "must show that the requisite psychologist-patient relationship existed to the extent that treatment was given or contemplated."  Herendeen v. State, 268 Ga. App. 113, 114, 601 S.E.2d 372, 373-74 (2004).  The courts do say, as the Defendants suggest, that the patient must visit the psychologist "on h[is] own volition," Id. at 113, 601 S.E.2d at 374, and that "there can be no expectation of confidentiality based on the psychologist/patient privilege when the sole purpose of the relationship is evaluation," Rogers v. State, 282 Ga. 659, 664, 653 S.E.2d

---

[1]  Whether or not Dr. Davis qualifies as a licensed psychologist is not an issue in this case.

3

31, 37 (2007).  The cases that discuss these requirements, though, discuss them in the context of a criminal trial where a criminal defendant consults a psychologist or psychiatrist in relation to an insanity defense.  These requirements make sense in that context because the fundamental concern for this privilege is the "expectation of confidentiality."  Rogers, 282 Ga. At 664, 601 S.E.2d at 37.  "[W]here the . . . psychologist is appointed by the court to conduct a preliminary examination of the defendant, the . . . psychologist is a witness for the court, and the privilege does not apply." Herendeen, 268 Ga. App. at 114, 601 S.E.2d at 374.

The instant case is not a proper one for the application of this criminal standard.  Unlike the cases the Defendants cite, the Plaintiff here was not referred to Dr. Davis by the court, and he did not consult with Dr. Davis for an evaluation relative to an insanity defense.  Instead, the Plaintiff was seeking treatment, in 1992, for an injury he sustained at work.  First, at this point, 16 years before the incident at issue here, the Plaintiff certainly had the expectation of confidentiality, unlike in the criminal cases cited by the Defendant, where the criminal case was the cause for the criminal defendant to visit the psychiatrist.  Second, despite the fact that the Plaintiff was referred to Dr. Davis by his orthopedist, the Plaintiff still went voluntarily, he was not compelled by a court order to go.  Furthermore, even if the Plaintiff did not decide to continue his visits to Dr. Davis (it is unclear whether or not the Plaintiff continued to see Dr. Davis after this

4

visit) it does not defeat his privilege.  As the court held in <u>Herendeen</u>, "[a] patient who did not originally seek psychiatric treatment for himself may nevertheless end up contemplating or being given assistance by the psychiatrist."  268 Ga. App. at 115, 601 S.E.2d at 374.  The Plaintiff here sought to cure the pains that he was experiencing, so when he went to see Dr. Davis, he was contemplating treatment.

A final point, even if the Plaintiff's visit to Dr. Davis was necessitated by this accident, rather than one that occurred 16 years ago, the privilege would still apply, even if the evdience that the Defendants sought dealt with injuries germane to this litigation.  "[A]s a matter of public policy, psychiatrist-patient communications are to be privileged and are to remain privileged *even though* the patient's care and treatment or the nature and extent of his injuries (have been put) at issue in any civil or criminal proceeding."  <u>Hicks v. Talbott Recovery Systems, Inc.</u>, 196 F.3d 1226, 1237 (11th Cir. 1999) (alterations supplied) (citations and internal quotations omitted).

For the foregoing reasons, the Motion is granted.

**SO ORDERED**, this the 16th day of November, 2009.

*s/ Hugh Lawson*
HUGH LAWSON, JUDGE

jch

5